UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN W. STAUFFER,

                        Petitioner,

            -vs-

MICHAEL McGINNIS, Superintendent,
Southport Correctional Facility,

                    Respondent,
           and

R. MICHAEL TANTILLO, Ontario
County District Attorney,

                    Intervenor.

**REPORT AND RECOMMENDATION
No. 03-CV-6510(CJS)(VEB)**

## I.   Introduction

Petitioner John W. Stauffer ("Stauffer" or "petitioner"), proceeding *pro se*, filed an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his May 14,

1996 conviction following a guilty plea in New York County Court (Ontario County) to two

counts of felony driving while intoxicated (New York Vehicle & Traffic Law ("V.T.L.") §

1192(2), (3)) and one count of aggravated unlicensed operation of a vehicle in the first degree

(V.T.L. § 511(3)). Stauffer was sentenced as a persistent felony offender under New York Penal

Law ("P.L.") § 70.10 to an indeterminate term of imprisonment of sixteen (16) years to life,

which he is presently serving.[1]

---

[1]      Stauffer was observed by eyewitness Sharon Sutton to have driven onto her neighbor's lawn on the
evening of Stauffer's arrest. Sutton saw Stauffer's vehicle lurch forward and then come to a halt. When she and her
husband went outside to investigate, they found Stauffer in an unconscious state in the driver's seat of his car with
an open can of beer between his legs. They could not rouse petitioner, so they called for assistance. Apparently, it
took an ambulance technician a minute to wake him. When roused, Stauffer displayed the classic physical signs and

In his federal habeas petition, Stauffer raises four grounds for relief. Grounds One and Two attack the legality of his sentence and his status as a persistent felony offender. *See* Petition ("Pet.") at 7-8, ¶¶22A-22B. In Ground Three he states that "[i]neffectiveness of Counsel permeated the Proceedings." *Id.* at 8, ¶22C. Under Ground Four, Stauffer asserts "Due Process Violations regarding; [sic] Sentencing, Appeals Process, and Denial of Right to Appeal." *Id.* at 8, ¶22D. Stauffer states that all of these claims are "[a]s detailed in attached Motions and Affidavits . . . ." *Id.*

Intervenor answered the petition on behalf of respondent, alleging that the petition is untimely under 28 U.S.C. § 2244(d)(1). In addition, intervenor asserts that several of Stauffer's claims are unexhausted. Finally, intervenor argues that all of Stauffer's claims are without merit.

This matter was referred to the undersigned for the issuance of a report and recommendation regarding the disposition of Stauffer's petition. For the reasons that follow, I recommend that the petition be dismissed.

II.     **The Defense of Untimeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214,  created a new one-year statute of limitations applicable to the filing of applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In Stauffer's case, as is true with regard to most habeas petitions, AEDPA's one-year period  runs from the date on which the

---

symptoms of extreme intoxication, and a Breathalyzer test showed that his blood alcohol content was .24–two and one-half times the legal limit. In addition, his driver's license carried eleven active revocations and thirteen active suspensions. This was petitioner's eleventh arrest for driving while intoxicated ("DWI"). Of his ten prior DWI convictions, seven were felony convictions and two were misdemeanors. The remaining DWI charge had been resolved by Stauffer's plea to another DWI charge. Stauffer's record contained eighteen other arrests or rap sheet entries. He had been sentenced to county jail six times, state prison four times, and probation on two occasions. Stauffer, who was thirty-five years-old at the time of his arrest, had not been licensed to drive since he was twenty years-old. He actually was on parole from a felony DWI conviction at the time of the incident at issue.

petitioner's state criminal judgment becomes final. *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998) (citing 28 U.S.C. § 2244(d)(1)(A)); *accord Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000). A conviction is considered "final" "once 'the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for *certiorari* . . . elapsed.'" *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (quotation omitted).

The judgment of conviction against Stauffer was entered on September 4, 1996, and appellate counsel timely filed a brief on Stauffer's behalf. On February 4, 1998, the Appellate Division, Fourth Department, unanimously affirmed Stauffer's conviction on direct appeal. *People v. Stauffer*, 247 A.D.2d 911 (App. Div. 4th Dept. 1998). The New York Court of Appeals denied leave to appeal on June 15, 1998. *People v. Stauffer*, 726 N.Y.S.2d 43 (N.Y. 1998). Stauffer thereafter had ninety (90) days in which to file a petition seeking a writ of *certiorari* in the United States Supreme Court. *McKinney*, 326 F.3d at 96 (citing SUP. CT. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Because Stauffer did not file a petition for *certiorari* seeking review of the New York state-court decisions in the United States Supreme Court, his conviction became final on September 13, 1998, ninety (90) days after June 15, 1998, the date of the order denying his application for leave to appeal to the New York Court of Appeals. *See id.*

Stauffer then had one year from that date, or until September 13, 1999, in which to timely file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). Although Stauffer's petition was not filed until 2003, he filed several post-conviction motions in state court which may have

served to toll the statute of limitations. AEDPA contains a tolling provision which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *accord Smith v. McGinnis*, 208 F.3d at 16. Respondent contends that all of Stauffer's applications for state-court post-conviction and collateral relief were filed after the expiration of the statute of limitations on September 13, 1999, and cannot serve to resuscitate the limitations period. Resp't Mem. at 12 (Docket No. 9-1) (citing *Bonilla v. Ricks*, No. 00CIV.7925(LAP)(AJP), 2001 WL 253605, at *2 (S.D.N.Y. Mar. 14, 2001) (finding that "such an interpretation would allow an inmate to avoid the effect of the law's one-year statute of limitations by bringing a belated collateral attack") (Report & Recommendation) (citing *Smith*, 208 F.3d at 17). "[Section] 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations." *Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *4 (S.D.N.Y. Aug. 27, 1999).

Intervenor argues that the first application that Stauffer filed in state court after the conclusion of his direct review was what respondent terms "self-styled motion for renewal, reargument and reconsideration" in the Appellate Division with regard to his appeal. *See* Resp't Mem. at 11 (Docket No. 9-1). There is some confusion about when this motion was filed; respondent states that the "first motion" was "apparently rejected by the Appellate Division for improper filing" and the second motion was not filed "until either December of 2000 or April of 2001." *Id.* (Docket No. 9-1). Although the second motion apparently was filed after the limitations period expired in 1999, it appears that the first motion may have been filed prior to

the expiration of the statute of limitations in September 1999. Indeed, this is what Stauffer argues in his reply brief to intervenor's opposition papers–that intervenor has misstated the facts.

In particular, Stauffer contends that he first filed his application to file a supplemental brief in October 1997, and received an order from the Appellate Division allowing him to do so by November 26, 1998. He states that he "moved for and was granted [sic] a pro se supplemental brief as well as a stay and transcripts on November 18, 1997, by the A.D. [sic] 4th Dept., after his seeking permission on October 6, 1997, and being directed to file on October 30, 1997." Stauffer continues, "Intervenor mistakenly as the basis for his limitations claim that this motion, or an independent application for 'renewal, reargument and reconsideration' was filed in either December of 2000 or April of 2001. . . wholly disregarding the pro se supplemental brief motion [in 1997] and the [c]ourt's Grant and Order." Pet'r Reply at 3-4. For this filing to make any difference, it would have had to remain pending from the time it was filed in 1997 until just before Stauffer filed his motion for "renewal, reargument and reconsideration" in late 2000 or early 2001. The Court has not been provided with documentation verifying Stauffer's filing of a motion in 1997 with regard to a pro se supplemental brief. What has been submitted by both parties to the Court does not elucidate the chronology of events. The Court is not able to determine with accuracy what was occurring from the time that Stauffer's conviction was affirmed on direct appeal in 1998 and February 7, 2001, when the Appellate Division issued an order stating as follows:

> Motion for reargument held and decision reserved pending receipt and consideration of the *pro se* supplemental brief upon condition that the brief is filed and served on or before April 6, 2001.

*People v. Stauffer*, __ A.D.2d __, 720 N.Y.S.2d 433 (App. Div. 4th Dept. Feb. 7, 2001). Stauffer

apparently filed his *pro se* supplemental brief, and the Appellate Division denied the motion for reargument in a summary order entered June 8, 2001: "[U]pon reading and filing the affidavit of John Stauffer, sworn to November 26, 2000, the notice of said motion, together with proof of due service thereof upon counsel for the opposing party, the *pro se* supplemental brief filed March 30, 2001, and due deliberation having been had thereon, [i]t is hereby ORDERED that said motion be and the same hereby is, denied." *People v. Stauffer*, 2001 N.Y. Slip Op. 05248, 726 N.Y.S.2d 43 (Table), 2001 WL 637672 (App. Div. 4th Dept. June 8, 2001). In any event, the New York Court of Appeals dismissed Stauffer's application for leave to appeal on July 23, 2001. *People v. Stauffer*, 96 N.Y.2d 907, 756 N.E.2d 94, 730 N.Y.S.2d 806 (Table). Stauffer's motion for reconsideration was denied by the New York Court of Appeals on August 20, 2001. *People v. Stauffer*, 96 N.Y.2d 925, 758 N.E.2d 668, 732 N.Y.S.2d 642 (N.Y. 2001).

The Court will give Stauffer the benefit of the doubt and assume for the sake of argument that he did file an application in 1997 seeking permission to file a *pro se* supplemental brief and that it remained pending until the denial of the November 26, 2000 motion for "renewal, reargument and reconsideration" became final on August 20, 2001. However, it ultimately does not assist Stauffer, and the Court believes his petition nevertheless is untimely because his subsequent C.P.L. § 440.10 and C.P.L. § 440.20 motions to vacate the judgment (one in 2001 and one in 2003) do not provide sufficient tolling.

On April 10, 2001, while the  motion for "renewal, reargument and reconsideration" was pending before the Appellate Division, Stauffer filed a motion to vacate the judgment and set aside the conviction pursuant to C.P.L. § 440.10(1)(a), (d), (f), (g), and (h). *See* Attachments to Petition (Docket No. 1). Stauffer alleged that his first assigned attorney made misrepresentations

about the sentence he might receive if he pled guilty, allegedly stating that "defendant had a good chance of receiving Probation with the outside possibility of 1 to 3 years, the Maximum being 1 1/3 to 4 years, (See Exh. A)." *See* Attachments to Petition (Docket No. 1). He also argued that the trial court did not have proper jurisdiction because the situs of the accident giving rise to petitioner's arrest allegedly did not occur in Ontario County. *See id.* On August 1, 2001, this application was denied by the court on the basis that the jurisdiction issue could have been raised on direct appeal. See N.Y. Crim. Proc. Law § 440.10(2)(c). The trial court rejected the claim that petitioner's "attorney promised him a lesser sentence than the one he ultimately received" because he "could not have been unaware of the potential sentence as a Persistent felony offender hearing was held," which Stauffer attended. The Appellate Division denied leave to appeal on March 5, 2002. This decision became final and ceased to be pending at this time, as no further review from the New York Court of Appeals is available with regard to C.P.L. § 440.10 motions. *See* N.Y. Crim. Proc. Law § 450.90.

The statute of limitations then ran without interruption for over a year, until Stauffer moved, on March 17, 2003,  to set aside his sentence pursuant to C.P.L. § 440.20, arguing that it was "illegal, Unconstitutional, and in violation of the Eighth Amendment." This application was denied by the trial court, and leave to appeal to the Appellate Division was denied. In his reply brief, Stauffer does not contest the dates of filing for this C.P.L. § 440.20 motion. In order for C.P.L. § 440.20 motion to have provided tolling under 28 U.S.C. § 2244(d)(2), it would have had to have been filed on or before March 5, 2003–one year from the date that his previous state-court application ceased to be pending. However, the C.P.L. § 440.20 motion was not filed until March 17, 2003. Thus, it appears to this Court that the one-year statute of limitations expired

before the filing of the C.P.L. § 440.20 motion. The law is clear that once the statute of limitations has run, it cannot be restarted, and therefore the belatedly filed C.P.L. § 440.20 motion has no effect on the timeliness calculation. Accordingly, I recommend finding that Stauffer's federal habeas petition, filed on or about October 21, 2003, is untimely.

Furthermore, Stauffer has not alleged any facts to support a finding that he is entitled to have the statute of limitations equitably tolled. *See Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (rejecting petitioner's claims that he was entitled to equitable tolling because (1) he could not file his federal petition until he exhausted his state remedies; and (2) he diligently filed his state *coram nobis* petition and then filed his federal habeas petition only 87 days after the state denied collateral relief; finding that petitioner's "case does not present extraordinary or exceptional circumstances warranting equitable tolling" and that his "delays in seeking collateral review of his conviction do not show reasonable diligence"). I note that Stauffer's status as a *pro se* litigant does not, in and of itself, entitle him to equitable tolling. *Id.* (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.")). I recommend finding that no "extraordinary circumstances" exist in the present case such as would warrant equitable tolling of AEDPA's limitations period and that therefore the petition is time-barred.

In the alternative, were the district court to find that Stauffer's petition is not time-barred, I nevertheless recommend dismissal because Stauffer's claims lack merit, as discussed more fully below.

## III.    The Defense of Failure to Exhaust State Remedies

"Under 28 U.S.C. § 2254(b), before a court can address the merits of any constitutional issue raised in a petition for a writ of habeas corpus, it must find that the petitioner has "exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the [petitioner].'" *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994). "Where state law affords petitioner a right to raise his claim 'by any available procedure,' and the claim is not raised, it cannot be deemed to have been exhausted. *Id.* (quoting 28 U.S.C. § 2254(c)).

Intervenor asserts the defense of non-exhaustion with regard to Grounds One and Two, in which Stauffer claims that and the imposition of a sixteen years to life for a Vehicle & Traffic Law felony following his adjudication as a persistent felony offender violates the Eighth Amendment, the ex post facto clause, the rule of lenity, and Due Process principles, among other things. Intervenor acknowledges that in his second C.P.L. § 440 motion, filed in 2003, petitioner alleged that "his sentence was unconstitutional as violative of the Eighth Amendment." Resp't Mem. at 15 (Docket No. 9-1). However, intervenor asserts, "by failing to raise this claim in his direct appeal, let alone his motion for reargument, and his first collateral challenge to the conviction, the petitioner failed to exhaust his available state remedies . . . ." *Id.* (citations omitted) (Docket No. 9-1).

I disagree with intervenor that Stauffer erred in failing to assert arguments regarding the constitutional infirmities in his sentence on direct appeal or in his C.P.L. § 440.10 motion. New York's Criminal Procedure Law specifically provides that "[a]t any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set

aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." N.Y. CRIM. PROC. LAW § 440.20. Section 440.10(2)(d) of New York's Criminal Procedure Law requires that the trial court dismiss a motion to vacate a conviction if the movant attacks the legality of his sentence in the § 440.10 motion. *See* N.Y. Crim. Proc. Law § 440.10(2)(d). Thus, the proper vehicle for Stauffer to have presented his arguments concerning the constitutional infirmities in his sentence was indeed a motion to set aside the sentence under C.P.L. § 440.20. As intervenor acknowledges, Stauffer filed a C.P.L. § 440.20 motion in the trial court; it was denied, and he then sought leave to appeal, which also was denied. It appears as though Stauffer completed one round of the appropriate state-court review process with regard to his sentencing claims, and I therefore recommend finding that they are exhausted.

In the event that the district court disagrees with my recommendation regarding exhaustion, I alternatively recommend finding that denying the petition pursuant to 28 U.S.C. § 2254(b)(2) is an appropriate exercise of discretion. Under any standard of review, Stauffer's claims do not merit habeas relief, as discussed more fully below.

## IV.   Merits of the Petition

**Ground One:          "Sentencing Unconstitutional"**

**Ground Two: "V.T.L. Offense Sentence under P.L. § 70.10 Unconstitutional Violation of Legislative Intent, Jurisdictional violation of mandatory, Exclusive and Distinct Integrated Statute [sic]."**

There appears to overlap between the allegations in support of Grounds One and Two, all of which assert various improprieties in petitioner's sentence and adjudication as a persistent felony offender. I accordingly will discuss them collectively below.

Both Grounds One and Two detail constitutional violations in Stauffer's sentencing. First, he asserts in Ground One that "[l]ife punishment as a persistent felony offender under [N.Y. Penal Law] § 70.10 violates Due Process . . . ." Pet. at 7, ¶22A. As facts supporting Ground Two on the form habeas petition, Stauffer enumerates several additional legal claims–that "[e]xceeding Specific Statute's Mandate violated Ex Post Facto Clause (U.S. Const. Art. 1 § 10(1)), deprives defendant of Fair Notice, violates [the] Rule of Lenity, Persistent life sentence [sic] . . . is Excessive, Cruel, Unusual and Unconstitutional (U.S.Const. Amend. 8) . . . ." Pet. at 8, ¶22B. Stauffer does not explain what the "Specific Statute's Mandate" is. In any event, none of Stauffer's allegations in support of Ground Two present a claim warranting habeas relief.

I turn first to Stauffer's claim of alleged violations of the rule of lenity and the ex post facto clause.  The rule of lenity comes into play in "situations in which a legislature fails to give notice of the scope of punishment by leaving 'a grievous ambiguity or uncertainty in the language and structure of the [statute], such that even after a court has seized everything from which aid can be derived, it is still left with an ambiguous statute.'" *Sash v. Zenk*, 439 F.3d 61, 64 (2d Cir. 2006) (quoting *Chapman v. United States*, 500 U.S. 453, 463  (1991)). In that case, "the rule of lenity tips the scales in favor of the defendant by requiring the court 'to impose the lesser of two penalties.'" *Id.* (quoting *United States v. Venturella*, 391 F.3d 120, 132 (2d Cir. 2004) (quotation omitted)). The ex post facto doctrine, on the other hand, is implicated where the state legislature has given "adequate notice, but then affirmatively changes its instructions in a way that disadvantages the defendant." *Id.*

Stauffer asserts that P.L. § 70.10, an aspect of New York's scheme for sentencing

recidivists, violates the *ex post facto* clause and the rule of lenity, but he does not elaborate on how these violations occurred in his case, let alone how he was deprived of "Fair Notice" during his adjudication as a persistent felony offender and his sentencing. Stauffer was on notice when he decided to plead guilty that the trial judge was going to hold a persistent felony offender hearing, and he agreed to that procedure. He also was present at the persistent felony offender hearing, where defense counsel called three witnesses on Stauffer's behalf, to attempt to persuade the judge to demonstrate leniency in his sentencing decision.

     Moreover, Stauffer has not established that any errors of New York state law or constitutional law in fact occurred. *See, e.g.*, *People v. Maldonado*, 173 Misc.2d 612, 614, 661 N.Y.S.2d 937, 939 (N.Y. Sup. Ct. 1997) (holding that the statute elevating penalty for operating motor vehicle while under influence of alcohol (DWI) to class "D" felony based on two prior DWI convictions within preceding ten years did not result in lack of fair notice and governmental restraint due to the legislature increasing punishment beyond what was prescribed when crime was consummated; rejecting defendant's arguments under the rule of lenity, his arguments under the definition of "persistent felony offender" under P.L. § 70.10(1)(c), his arguments under the definition of "persistent violent felony offender" under P.L. § 70.04, and his arguments concerning the constitutional prohibition against ex post facto laws); *People v. Morse*, 62 N.Y.2d 205, 222-25 (N.Y. 1984).

To the extent that Stauffer argues under Ground Two that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment, this claim is without merit. It is well-established that a sentence of imprisonment that is within the limits of a valid state statute is generally does not present a constitutional violation. *See White v. Keane*, 969 F.2d 1381, 1383

(2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.") (citing *Underwood v. Kelly*, 692 F. Supp. 146 (E.D.N.Y.1988), *aff'd mem.*, 875 F.2d 857 (2d Cir.1989)). As discussed above, P.L. § 70.10 has been upheld by the courts of New York state.

The Eighth Amendment only forbids the imposition of extreme sentences which are "grossly disproportionate" to the crime of conviction. *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003). In *Lockyer v. Andrade*, the defendant was a repeat offender whose most recent offense was stealing about $150-worth of videotapes. Under California's recidivist sentencing scheme, he was sentenced to two consecutive terms of 25 years to life in prison. Explaining that "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," the Supreme Court held that in applying that principle for purposes of 28 U.S.C. § 2254(d)(1), it was not an "unreasonable application of . . . clearly established law" for the California court of appeals to find that the challenged sentence was not "cruel and unusual." *See also Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) (holding that life in prison without the possibility of parole for recidivist convicted of cocaine possession did not violate Eighth Amendment); *Ewing v. California*, 538 U.S. 11 (2003) (twenty-five years to life for grand theft). Based on the Supreme Court's precedent concerning the Constitution's prohibition against "cruel and unusual" punishment, Stauffer's sentence, although severe, given his extraordinary record, the sentence clearly does not run afoul of the Eighth Amendment. I accordingly recommend that this claim be denied. As an initial matter, I note that Stauffer has not established that his indeterminate sentence of sixteen (16) years to life in prison is illegal as a matter of New York state statutory or constitutional law. *See People v. Beckwith*, 309 A.D.2d 1253, 767 N.Y.S.2d

713 (App. Div. 4th Dept. 2003) ("We reject the contentions of defendant that the imposition of

persistent felony offender status constitutes cruel and unusual punishment and violates his right

to equal protection of the laws.") (citing, *inter alia*, *People v. Turner*, 234 A.D.2d 704, 707, 651

N.Y.S.2d 655, 658 (App. Div. 3d Dept. 1996) ("[A] sentence imposed within the statutory limits

ordinarily is not cruel and unusual punishment in the constitutional sense. In our view, the

implementation of the enhanced sentence in the instant case corresponds to defendant's long and

unwavering criminal history. We have previously upheld the legality of a 15-year to life sentence

for a persistent felony offender convicted of driving while intoxicated and aggravated unlicensed

operation of a vehicle in a case analogous to the instant matter.") (citations omitted)).[2]

Stauffer's other main argument is that, as a matter of statutory construction and

legislative intent, New York's persistent felony offender statute (P.L. § 70.10) was meant to

apply only to felony convictions under the Penal Law and not to felony convictions under the

---

[2]     Stauffer has cited no federal precedent supporting a contrary conclusion. In his reply brief, filed in response to intervenor's answer, Stauffer asserts that P.L. § 70.10 has been held to be unconstitutional by numerous federal courts. The sole case he cites in support of this assertion is *Brown v. Greiner*, 258 F. Supp.2d 68 (E.D.N.Y. 2003), which he acknowledges was pending on appeal before the Second Circuit at the time he filed his reply. As an initial matter, I do not believe that the Eastern District's decision in *Brown v. Greiner* stands for the proposition Stauffer asserts it does. The petitioner in *Brown v. Greiner* raised a claim based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), with regard to his sentence under New York's persistent felony offender statute. The district court agreed that his enhanced sentence was imposed by the trial judge in violation of *Apprendi*'s proscription against enhancing a sentence based on facts (other than the fact of prior convictions) that were not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt. *See Brown v. Greiner*, 258 F. Supp.2d at 72 (citing *Apprendi*, 530 U.S. at 490). Stauffer has never raised an *Apprendi* claim in state court or in any of his papers submitted in support of a request for a writ of habeas corpus. Furthermore, the Eastern District court's decision in *Brown v. Greiner*, upon which Stauffer relies to assert that P.L. § 70.10 is "unconstitutional" was eventually was reversed by the Second Circuit, *Brown v. Greiner*, 409 F.3d 523 (2d Cir. 2006). The Second Circuit held that a determination by sentencing judge that defendant had two prior felony convictions, as would support imposition of sentencing increase under New York's persistent violent felony offender statute, did not violate rule of *Apprendi*, requiring any fact, other than fact of prior conviction, increasing defendant's sentence above the statutory maximum penalty, to be determined by a jury beyond a reasonable doubt. *Id.* at 534. The Second Circuit further found that it was neither contrary to, nor an unreasonable application of, clearly established federal law for the state appellate court to conclude that a sentencing court's finding that an extended sentence under New York's persistent felony offender statute would best serve the public interest was not a factual finding that *Apprendi* required to be submitted to a jury and proved beyond a reasonable doubt. *Id.*

Vehicle and Traffic Law or other statutes. As intervenor points out, these claims regarding statutory construction and legislative intent have been roundly rejected by New York's appellate courts. Moreover, Stauffer merely appears to be alleging errors of state law for which habeas relief generally is not available. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Moreover, Stauffer has failed to establish that his claims regarding the proper interpretation to be given P.L. § 70.10 are meritorious. As respondent notes, the arguments pressed by Stauffer have been dismissed by the appellate courts in New York state. Resp't Mem. at 15 (Docket No. 9-1). New York's persistent felony offender statute defines such an offender as "a person . . . who stands convicted of a felony after having previously been convicted of two or more felonies." N.Y. PENAL LAW § 70.10(1)(a)). In *People v. Bowers*, 201 A.D.2d 830 (App. Div. 3d Dept. 1994), for instance, the Appellate Division upheld a persistent-felony-offender sentence for a defendant convicted of driving while intoxicated ("DWI"), which constitutes a felony under the Vehicle and Traffic Law, not the Penal Law. The Appellate Division noted in *Bowers* that "significantly, this statute draws no distinction based upon the particular law under which the felonies are defined." *Bowers*, 201 A.D.2d at 831. Penal Law § 70.06, which deals with second felony offenders, by contrast, does require the felony of which the defendant stands convicted to be defined under the Penal Law. *Id.* (citation omitted). However, even in the case of second offenders, there is no requirement that the predicate felony be prescribed by the Penal Law only. *Id.* (citing, *inter alia*, N.Y. PENAL LAW § 70.06(1)(a)). Thus, the Appellate Division concluded, "[u]nder the clear wording of Penal Law § 70.10, which governs persistent felons,

-15-

there is no indication that the Legislature restricted either the predicate felonies or the felony of which defendant stands presently convicted to those prescribed in the Penal Law." *Id.*

Stauffer has failed to establish that there has been an error of state law, let alone an error of federal constitutional magnitude. Because he has not shown that the statutory interpretation given to P.L. § 70.10 has violated his federal constitutional rights, he is not entitled to habeas relief, *see* 28 U.S.C. § 2254.

For the above reasons, I recommend that Grounds One and Two be denied in their entirety.

**Ground Three:        Ineffectiveness of Counsel**

Stauffer's supporting facts for his claim that he received ineffective assistance of trial counsel are as follows:

> From the outset, when the first assigned attorney was replaced and an improper and unlawful lea was coerced, second counsel's Motion to vacate was denied (See attached), he proceeded admittedly unprepared and without file, failed to protect the record or properly couch lawful objections, or oppose improper sentencing submissions, nor correct gross misrepresentations and errors, nor investigate.

Pet. at 8, ¶22C (Docket No. 1). Stauffer raised a claim of ineffective assistance of counsel in his C.P.L. § 440.10 motion with regard to his "first appointed attorney Mr. Miller." His allegations concerning defense counsel consist of two paragraphs only, the crux of which is Stauffer's dissatisfaction with his sentence. Stauffer alleged that counsel "led defendant to believe that, if defendant entered a guilty plea on the eve of Trial, that, defendant had a good chance of receiving Probation with the outside possibility of 1 to 3 years, the Maximum being 1 1/3 to 4 years. . . ." Petitioner's C.P.L. § 440.10 Motion at 3-4, ¶¶3-4. The trial court rejected this argument out of hand, noting that Stauffer "could not have been unaware of the potential

sentence as a Persistent felony offender hearing was held" prior to the guilty plea being entered. C.P.L. § 440.10 Order dated August 15, 2001, at p. 1.

In order to demonstrate ineffective assistance of counsel, the petitioner must satisfy the two prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must demonstrate, first, that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," *id.* at 688, and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 698. A court need not decide both prongs of the *Strickland* test if the defendant has failed to make a sufficient showing on one. *See id.* at 697.

A petitioner convicted by guilty plea may obtain collateral relief on habeas review in very limited circumstances. Alleged shortcomings "cast doubt on the validity of [the] plea only if they show either that he made the unfavorable plea on the constitutionally defective advice of counsel, *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973), or that he could not have understood the terms of the bargain he and [the prosecution] agreed to." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005)). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

The Supreme Court has held that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. The first prong of the *Strickland v. Washington* test is "nothing more than a restatement of the standard of attorney

competence already set forth in *Tollett v. Henderson* and *McMann v. Richardson*. The second, or "prejudice," requirement, examines whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, the Supreme Court held in *Hill*, in "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Accord  United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (*per curiam*).

Stauffer has not submitted an affidavit or asserted in his petition that, had he better understood the consequences of his plea, he would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. at 60. Nowhere in the pleadings he has submitted thus far is there a demonstration of such a willingness. Conspicuously absent is any suggestion of potentially exculpatory evidence that Stauffer's defense counsel failed to discover or a possibly meritorious affirmative defense of which petitioner could have availed himself at trial. To the contrary, the evidence of Stauffer's guilt was truly overwhelming, and it is inconceivable that a more favorable outcome following a trial–either in terms of an acquittal or a more lenient sentence could have occurred. *See, e.g.*, *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984) ("It is inconceivable to us . . . that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received.") (cited in *Hill*, 474 U.S. at 59).

As respondent points out. *See* Resp't Mem. at 21 (Docket No. 9-1), the remainder of Stauffer's complaints in his habeas petition about his second defense counsel's performance are not supported by specific allegations, *see* Pet. at 8, ¶22C (Docket No. 1). Furthermore, they are

not substantiated by the record.

Petitioner has failed to demonstrate either that he was prejudiced by any error made by his first or second assigned counsel, or that his attorneys actually performed deficiently. I accordingly recommend that Stauffer's claim of ineffective assistance of trial counsel (Ground Three) be denied.

**Ground Four: "Due Process Violations regarding; [sic] Sentencing, Appeals Process, and Denial of Right to Appeal"**

For his supporting facts with regard to this ground, Stauffer alleges that "5 1/2 years elapsed before Transcript alone was provided and defendant's Brief and Applications disregarded. . . ." Pet. at 8, ¶22D (Docket No. 1). Also, Stauffer appears to raise an ineffective assistance of counsel claim under Ground Four. Neither claim has merit.

With regard to Stauffer's complaint about the direct appeal process, I agree with respondent that this claim is unsubstantiated by the record. By order dated February 2, 2001, the Appellate Division directed that Stauffer be provided with free copies of all of the transcripts from his criminal proceeding. Stauffer thereafter filed a second *pro se* supplemental brief on March 30, 2001, augmenting his previously filed *pro se* supplemental appellate brief. After his appeal was denied, Stauffer sought reargument, which was denied by the Appellate Division on June 8, 2001. Stauffer received the opportunity to re-brief his claims before the Appellate Division after receiving free copies of the transcripts which he claims he was initially denied. Apart from his disagreement with the Appellate Division's conclusion that his supplemental submissions did not warrant a different outcome, Stauffer has failed to identify how his state law or constitutional rights were violated during the appeals process.

Stauffer also faults appellate counsel's performance, in Ground Four of the petition,

stating that "[c]ounsel's appellate brief, in addition to facial [sic] legal mis-statements, was

uninformed and vacuous." *Id.* Fatal to Stauffer's claim that appellate counsel was deficient is his

failure to identify any potentially meritorious issues that appellate counsel neglected to raise. To

the contrary, I agree with respondent that on direct appeal, appellate counsel made the only

plausible argument he could on behalf of petitioner–specifically, that the imposition of the

persistent felony offender sentence was excessive and an abuse of discretion on the part of the

trial court. *See* Resp't Mem. at 24-26 (Docket No. 9-1). There was overwhelming evidence of

Stauffer's guilt, and no record upon which to build a claim that his guilty plea was other than

knowing, voluntary and intelligent. Given the facts in this case, the list of colorable issues from

which to choose was not lengthy. Appellate counsel submitted an organized, well-argued brief

presenting the strongest argument available to Stauffer on direct appeal. The mere fact that he

was unable to persuade the appellate court does not in any prove that he performed deficiently.

Accordingly, I recommend finding that Stauffer's attack on appellate counsel's performance

does not provide a basis for habeas relief.

## V.      Conclusion

For the reasons set forth above, the Court recommends that the petition for a writ of

habeas corpus filed by petitioner be **DENIED**. Furthermore, the Court finds that petitioner has

not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. §

2253(c)(2). Therefore, the Court recommends that no Certificate of Appealability be issued with

respect to any of petitioner's claims.

/s/ *Victor E. Bianchini*

_____
      VICTOR E. BIANCHINI
      United States Magistrate Judge

Dated: March 28, 2008
       Rochester, New York.

-20-

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: Rochester, New York
       March 28, 2008.