**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

JOHN W. STAUFFER 96-B-2096,

Petitioner,

-vs-

MICHAEL McGINNIS,

Respondent.

---

03-CV-6510-CJS

DECISION and ORDER
ADOPTING REPORT
and
RECOMMENDATION

**APPEARANCES**

For Petitioner: John W. Stauffer *pro se*
96-B-2096
Southport Correctional Facility
PO Box 2000
Pine City, NY 14871

For Respondent: Hon. R Michael Tantillo
Ontario County District Attorney
Ontario County Courthouse
27 North Main Street
Canandaigua, NY 14424

**INTRODUCTION**

**Siragusa, J.** John W. Stauffer ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his May 14, 1996, court conviction and sentence in New York County Court, Ontario County. The Court referred the case to the Honorable Victor E. Bianchini, United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(B)(1) (2005). Judge Bianchini filed his Report and Recommendation, *Stauffer v. McGinnis*, No. 03-CV-6510 (W.D.N.Y. Mar. 28,

2008), Docket No. 12 ("R&R") and Petitioner has filed objections thereto. The Court has completed its de novo review of those portions of the R&R to which Petitioner objected, and concludes that Petitioner presents no basis for rejection the R&R. Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(C), the court accepts in whole Judge Bianchini's R&R.

## BACKGROUND

Judge Bianchini's R&R details the factual background of Petitioner's state court conviction. Essentially, Petitioner,

> was observed by eyewitness Sharon Sutton to have driven onto her neighbor's lawn on the evening of Stauffer's arrest. Sutton saw Stauffer's vehicle lurch forward and then come to a halt. When she and her husband went outside to investigate, they found Stauffer in an unconscious state in the driver's seat of his car with an open can of beer between his legs. They could not rouse petitioner, so they called for assistance. Apparently, it took an ambulance technician a minute to wake him. When roused, Stauffer displayed the classic physical signs and symptoms of extreme intoxication, and a Breathalyzer test showed that his blood alcohol content was .24–two and one-half times the legal limit. In addition, his driver's license carried eleven active revocations and thirteen active suspensions. This was petitioner's eleventh arrest for driving while intoxicated ("DWI"). Of his ten prior DWI convictions, seven were felony convictions and two were misdemeanors. The remaining DWI charge had been resolved by Stauffer's plea to another DWI charge. Stauffer's record contained eighteen other arrests or rap sheet entries. He had been sentenced to county jail six times, state prison four times, and probation on two occasions. Stauffer, who was thirty-five years-old at the time of his arrest, had not been licensed to drive since he was twenty years-old. He actually was on parole from a felony DWI conviction at the time of the incident at issue.

(R&R at 1-2, n.1.) Petitioner was convicted, following his guilty plea, of two counts of felony driving while intoxicated and one count of aggravated unlicensed operation of a vehicle in the first degree, pursuant to New York Vehicle & Traffic Law section 1192(2) and (3), and section 511(3), respectively. He was sentenced as a persistent felony offender under New

York Penal Law section 70.10 to an indeterminate term of imprisonment of sixteen years to life. In his petition, he challenges his conviction and sentence by raising four arguments:

> Grounds One and Two attack the legality of his sentence and his status as a persistent felony offender. See Petition ("Pet.") at 7-8, ¶¶22A-22B. In Ground Three he states that "[i]neffectiveness of Counsel permeated the Proceedings." Id. at 8, ¶22C. Under Ground Four, Stauffer asserts "Due Process Violations regarding; [sic] Sentencing, Appeals Process, and Denial of Right to Appeal." Id. at 8, ¶22D. Stauffer states that all of these claims are "[a]s detailed in attached Motions and Affidavits…." *Id*.

(R&R at 2.)

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide that where a magistrate judge issues a Report and Recommendation "dispositive of a claim or defense of a party,"

> [w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.… The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) (2007); *see also* 28 U.S.C. § 636(b)(1)(C) (2005).

**ANALYSIS**

In his R&R, Judge Bianchini found that Petitioner had applications pending in state court with respect to the subject conviction until March 5, 2002, when the New York Appellate Division denied leave to appeal from the trial court's denial of his application pursuant to New York Criminal Procedure Law Article 440. Although Petitioner again moved for relief under Article 440 on March 17, 2003, his time to file a habeas corpus

petition, as Judge Bianchini pointed out, had expired.[1] The Court adopts Judge Bianchini's determination in this regard.

Further, the Court agrees with Judge Bianchini's conclusion that neither equitable tolling, nor extraordinary circumstances warrant tolling under 28 U.S.C. § 2244(d)(1). Petitioner's reliance on *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999) is misplaced. In that case, the appeal from Bennett's New York Criminal Procedure Law section 440.10 motion was still pending before the trial court, since that court failed to issue a final, written decision from which Bennett could have requested leave to appeal to the Appellate Division. *Id*. Here, Petitioner's Article 440 motion was final on March 5, 2002, over a year before Petitioner filed his second 440 motion. Consequently, his habeas corpus petition is time barred. Since the Court adopts Judge Bianchini's conclusion that the petition is time barred, it will not discuss his alternative findings in the R&R.

**CONCLUSION**

The Report and Recommendation (Docket No. 12) is adopted. The petition for a writ of habeas corpus is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

---

[1]Petitioner had one year from the date his state criminal conviction became final, which, as Judge Bianchini found, was March 5, 2002. (R&R at 2-3, 7-8.)

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: August 13, 2008
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge